UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

JOHN A. DINAN, III,                          Case No. 06-13426-WCH
          DEBTOR                             Chapter 7


MEMORANDUM OF DECISION REGARDING CHAPTER 7 TRUSTEE'S OBJECTION
TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

I. Introduction

The matter before the Court is the Chapter 7 Trustee's Objection to Debtor's Claim of Homestead Exemption (the "Objection"). The Chapter 7 Trustee (the "Trustee") contends that John A. Dinan, III (the "Debtor") cannot apply a Massachusetts homestead exemption to real estate located in Michigan that the Debtor does not occupy. The Debtor defends his exemption election on the grounds that he resides only temporarily in Massachusetts and intends to return to Michigan. Based upon the discussion which follows, I will enter an order sustaining the Objection.

II. Background

The Debtor filed for relief on September 29, 2006. In Schedule A, the Debtor listed a Fee Simple interest in real property located in Wallace, Michigan with a current value of $80,000 subject to a secured claim of $50,478 (the "Property"). In Schedule C, the Debtor claimed a homestead on the Property under the Massachusetts homestead statute. *See* Mass. Gen. Laws ch.

1

188, § 1.[1] In that entry on Schedule C, the Debtor disclosed that on July 31, 2006, he filed a Declaration of Homestead (the "Declaration") for the Property with the registry of deeds in Menominee, Michigan.[2] He claimed the remainder of his exemptions under Massachusetts law.[3] He disclosed that he wants to reaffirm the secured debt on the Property. In Schedule I, the Debtor declared that he has been a cook in Beverly, Massachusetts for the last 5 years.

Thereafter, the Trustee filed the Objection in which he explained that at the meeting of creditors the Debtor testified that he does not occupy the Property and that he has lived in the Commonwealth of Massachusetts for several years. The Trustee argued that the Debtor cannot meet the requirements of the Massachusetts homestead statute because the Debtor did not occupy or intend to occupy the Property at the time that he filed the Declaration.

In his response, which he supported with an affidavit, the Debtor explained that the Property has been in his family for 100 years. He acquired the Property jointly with his mother in 1988. He lived at the Property from 1990 until 2000 or 2001. In 2000 or 2001, the Debtor moved to Massachusetts to care for his aging grandmother in order that he could care for her jointly with his father who lives here. He understood that the move would be temporary and while he has been in this state he has always intended to return to Michigan. During his residency in Massachusetts, he has continued to care for the Property and to visit it at least once

---

[1] Under this statute, a homestead may be acquired by an owner or owners who occupy or intend to occupy the home as a principal residence.

[2] The Declaration which the Debtor filed in Menominee, Michigan reflects that the Debtor declared the homestead under Mass. Gen. Laws ch. 188, § 1.

[3] The Debtor claimed his interest in a 401(k) account as exempt under either under Mass. Gen. Laws or 11 U.S.C. § 522(d).

2

a year. He has not rented the Property. The Debtor's grandmother died in December of 2006 and he intends forthwith to return to the Property.

The Debtor argued that when he filed his petition he could only elect the Massachusetts or federal exemption scheme because he lived in Massachusetts for the 730 days preceding the filing citing for support 11 U.S.C. § 522(b)(3)(A). The Debtor asserted that he is entitled to the Massachusetts homestead exemption because he had the requisite intent to occupy the Property at the time he filed the Declaration. The Debtor posited that because the homestead statute is silent with respect to whether the home must be located in the state in order for the statute to apply, he is entitled to apply the Massachusetts statute to the Property. Alternatively, the Debtor argued that if this Court determines that the Debtor is domiciled in Michigan than he can claim the homestead under the applicable statute in Michigan.

At the hearing, the Trustee altered his argument. He asserted that in order to determine the applicable exemption scheme, I must look at where the Debtor was domiciled on the petition date. Based upon the Debtor's response to the Trustee's objection, the affidavit attached thereto and other statements, the Trustee is now convinced that the Debtor's domicile on the date he filed for relief was Michigan. As such, the Debtor must choose between the federal or Michigan exemptions but cannot choose the Massachusetts scheme.

The Debtor argued that when he filed the Declaration, he did so with the intent to occupy the Property, thereby meeting the requirements for a homestead under Mass. Gen. Laws ch. 188, § 1. The Debtor also argued that at the time that he filed his petition, he was domiciled in Massachusetts. The Debtor asserted that he had no choice but to use the Massachusetts exemption scheme.

3

The Trustee then filed a post-hearing brief in which he explains that he originally understood that the Debtor was asserting that he was a domiciliary of Massachusetts. If that were the case, the Trustee argued that the Debtor could not have had the intent to occupy the Property as his principal residence at the time he filed the Declaration. The Trustee now argues that the Debtor was never a domiciliary of Massachusetts given his repeated representations that he has always intended that his stay in Massachusetts would be temporary. The Trustee contends that domicile is distinguished from residence in that domicile is a permanent home. A debtor can only change domicile with the requisite intent. The Trustee contends that the Debtor's domicile was located in Michigan during the 730- day period prior to filing and as such he cannot use the Massachusetts homestead statute or any of the Massachusetts exemptions. The Debtor did not file a post-hearing brief.

III. Discussion

When a debtor files for relief, the debtor may exempt property of the estate under state or federal law as applicable. *See* 11 U.S.C. § 522(b)(1). If the debtor chooses to forgo federal exemptions, the debtor may elect to exempt property under general federal law and "State or local law that is applicable on the date the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition. . . " 11 U.S.C. § 522(b)(3)(A).[4] The Debtor chose to exempt certain property pursuant

---

[4]Prior to the enactment of BAPCPA, the period for determining domicile was 180 days. The newly enacted 730-day period is distinct from the venue provision which provides that a debtor may file a case in the district where the debtor is domiciled, a resident, or has a principal place of business or principal assets in the United States for the 180 days immediately preceding filing for relief. 28 U.S.C. § 1408. Neither party has asserted that the venue of this case is improper.

4

to various Massachusetts exemption statutes. The Trustee contends that this choice was unavailable to the Debtor because he was not domiciled in Massachusetts on the date he filed his petition. Accordingly, before I can consider the validity of the Declaration, I must determine whether the Debtor was a domiciliary of Massachusetts and entitled to claim the exemption scheme of the state.

Where a debtor is domiciled is a matter of federal common law. *See Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989); *see also Farm Credit Bank of Wichita (In re Hodgson),* 167 B.R. 945, 950 (D. Kan. 1994) (explaining debtor may have many residences but only one domicile, latter determined with multi-factor test). As used in the Bankruptcy Code, the word domicile means something more that the word residence. *Morad v. Xifaras (In re Morad),* 323 B.R. 818, 823 (B.A.P. 1st Cir. 2005). A domicile is a residence coupled with an intent to remain. *Id.; Lowenschuss v. Selnick (In re Lowenschuss),* 171 F.3d 673, 684 (9th Cir. 1999), *cert. den.,* 528 U.S. 877 (1999); *Morad,* 323 B.R. at 823; *In re Sparfven,* 265 B.R. 506 (Bankr. D. Mass. 2001). That a debtor may move to another jurisdiction does not change the debtor's domicile unless the debtor intends to remain in the new jurisdiction. *Sparfven,* 265 B.R. at 518.

The Debtor's pleadings and representations at the hearing amply reflect that the Debtor never intended to acquire a new domicile in Massachusetts after leaving Michigan. I give little weight to the Debtor's representations to the contrary at the hearing because at that hearing, the Debtor seemed to confuse intent to reside for domicile purposes with intent to occupy for Massachusetts' homestead purposes. Therefore, under 11 U.S.C. § 522(b), the Debtor was entitled to elect either the federal exemption scheme and, to the extent applicable, the Michigan exemption scheme. He was not entitled to claim exemptions under the applicable Massachusetts

5

statutes as he was not domiciled in Massachusetts. Accordingly, the Objection to the exemption in the Property must be sustained.

IV. Conclusion

For the reasons set forth herein, I will enter an order sustaining the Objection.[5]

*William C. Hillman* (signature)

William C. Hillman
U.S. Bankruptcy Judge

Dated: February 15, 2007

---

[5] I need not go further and decide the effect of the Debtor's Declaration of Homestead under Michigan law as it is unclear what steps the Debtor will take to amend his petition.